IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PAUL LESLIE CAMPBELL, | CV 26-3-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, ET AL., | |
| Defendants. | |

On June 24, 2026, Plaintiff Paul Leslie Campbell was ordered to show cause why this case should not be dismissed for failure to prosecute and failure to comply with orders of the Court. (Doc. 31.) Campbell has failed to do so. This matter is dismissed.

Campbell filed a Complaint alleging violations of his constitutional and statutory rights at Montana State Prison. (Doc. 2.) The Complaint failed to state a claim, but Campbell was permitted to amend. (Doc. 16.) Instead, Campbell appealed the Court's Order to the Ninth Circuit Court of Appeals. (Doc. 17.) The Court of Appeals dismissed Campbell's appeal on March 19, 2026, because "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." *WMX Techs., Inc. v. Miller*, 104 F.3d 1133,

1

1136 (9th Cir. 1997). The Court of Appeals' mandate issued on April 10, 2026.

On April 13, 2026, this Court advised Campbell of his need to file an amended complaint. (Doc. 24.) The Order described the manner in which Campbell could amend his complaint. However, instead of timely filing an amended complaint, Campbell once again filed an appeal with the Ninth Circuit. (Doc. 25.) And once again, the Court of Appeals dismissed the appeal, for the same reasons it did his first, that he may not appeal "simply because he does not choose to file an amended complaint." *Campbell v. State of Montana, et al.*, Order Dismissing Appeal, Cause. No. 26-2858, at 1 (9th Cir. May 28, 2026). The Ninth Circuit's mandate issued on June 22, 2026.

Instead of filing an amended complaint, Campbell filed a motion to stay, without any justification for the stay other than Campbell's disparagement of the judges of this District. (Doc. 29.) Campbell also moved for the appointment of an "out-of-circuit Judge to be assigned in this matter." (Doc. 29 at 2.) These motions were denied, and Campbell was directed to show cause why his case should not be dismissed for failure to prosecute and failure to comply with orders of the Court.

Campbell did not respond. Instead, he filed two additional motions, another for a stay, and a motion to disqualify the undersigned. (Docs. 32 and 33.) The motions do not provide justification for why Campbell has not just filed his amended complaint, as directed, and continued with the prosecution of his lawsuit.

2

Campbell has failed to show cause why his matter should not be dismissed.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). The Court may dismiss a case on its own without awaiting a motion. *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Applied Underwriters, 913 F.3d at 890.* "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with

docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Campbell fails to participate in his case. Campbell refuses to comply with orders of the Court and refuses to do the one thing that would move his litigation forward, filing an amended complaint. Campbell's case has consumed judicial resources and time that could have been better spent on other matters.  Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Defendants have not yet appeared, so this factor has no weight.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Here, Campbell simply refuses to follow orders of the Court. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors

disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other factors favoring dismissal, the weight of this factor is slight. This matter will be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b), and for failure to state a claim, based upon the Court's prior order. (Doc. 16.)

Accordingly, IT IS HEREBY ORDERED:

1. This matter is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

4. The Clerk of Court shall have the docket reflect that this dismissal counts as a strike against Campbell within the meaning of 28 U.S.C. § 1915, for failure to state a claim upon which relief could be granted.

DATED this 29th day of July, 2026.

Dana L. Christensen, District Judge
United States District Court